IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RIO FRANKLIN, S13247,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **JEREMIAH BROWN,** ) | |
| **KYLE FULLER,** ) | |
| **CANDICE SCHRADER,** ) | |
| **KYLE BUCHANAN,** ) | |
| **MITCHELL NASH,** ) | |
| **J. HIGGINS,** ) | Case No. 25-cv-711-DWD |
| **LT. GIVENS,** ) | |
| **SGT. SAWYER,** ) | |
| **C/O WHITE,** ) | |
| **JANE DOES 1-2,** ) | |
| **JOHN DOES 1-3,** ) | |
| **NURSE BROWN,** ) | |
| **LPN LUKING,** ) | |
| **PERCY MYERS,** ) | |
| **WEXFORD HEALTH SOURCE,** ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Rio Franklin, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). Specifically, Plaintiff alleges that the defendants engaged in excessive force during a tact team shakedown, they refused him medical care for his injuries, and they failed to acknowledge or address a pattern of similar instances.

The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that on May 28, 2024, during a shakedown, Defendant Fuller sprayed him in the face with pepper spray. He claims Defendant Buchanan then ordered him to the back of a shower area. Despite Plaintiff complying, he claims Buchanan proceeded to bash his head into a brick wall with a tactical shield, causing injuries to his head and face. Plaintiff claims his face and head busted open and bled profusely. Specifically, he explains that his tooth punched thru his lip, and he chipped his tooth. (Doc. 1 at 8). Plaintiff alleges that Defendants Fuller, Buchanan, Nash, Schrader, and Sawyer filmed the interaction with a camcorder. He further alleges his entire cell was coated in pepper spray, but staff still forced him to return to the cell without cleaning supplies.

Despite seeing Plaintiff needed stitches, Defendants Luking and Brown refused to take him to the healthcare unit. (Doc. 1 at 10). Additionally, he faults Defendants Fuller, Buchanan, Nash, Schrader, and Sawyer for being present, telling medical staff he did not

need further care, and directing them not to take him to the healthcare unit. (Doc. 1 at 10). Plaintiff alleges that he told Defendants White and Givens that he needed medical care for blood running into his eyes, and that he needed supplies to clean his cell, but they refused assistance. He made the same queries to Higgins, who also refused assistance. Plaintiff alleges that he lost consciousness in his cell due to his physical condition.

Plaintiff was eventually taken to the nursing station in the cellhouse where a Jane Doe and Dr. Myers refused to treat him, and instead accused him of using intoxicants that caused him to lose consciousness. (Doc. 1 at 10). Plaintiff was returned to his cell, at which point he again reiterated that it was covered with pepper spray and that he had pepper spray and blood in his eyes, but he was not given any further care nor was he given cleaning supplies. Plaintiff lost consciousness a second time, which he claims caused further injuries and pain.

Plaintiff alleges this was not the first or last time he experienced retaliation, negligence, medical negligence, a failure to protect, or needless pain and suffering. (Doc. 1 at 11). He claims he notified Warden Brown of the issues via countless grievances, complaints and letters, but Brown offered no assistance. He also faults Wexford, a medical contractor, for failing to ensure adequate services were rendered. (Doc. 1 at 11). Plaintiff seeks monetary damages. (Doc. 1 at 13). He submitted a grievance response from the Administrative Review Board that appears related to his claims. (Doc. 1 at 15).

Based on the allegations in the Complaint the Court designates the following Claims:

**Claim 1:** **Eighth Amendment excessive force claim against Defendants Fuller and Buchanan for their alleged actions on May 28, 2024;**

**Claim 2:** **Eighth Amendment failure to intervene claim against Defendants Fuller, Buchanan, Nash, Schrader, and Sawyer for allegedly witnessing the incident and/or recording it with camcorders, and failing to act;**

**Claim 3:** **Eighth Amendment deliberate indifference claim against Defendants Fuller, Buchanan, Nash, Schrader, and Sawyer for refusing initial medical care;**

**Claim 4:** **Eighth Amendment deliberate indifference claim against Defendants White, Givens, and Higgins for allegedly refusing requests for care or cleaning supplies;**

**Claim 5:** **Eighth Amendment deliberate indifference claim against Defendants Brown, Luking, and Myers for allegedly refusing medical treatment initially or later at the nurse's station;**

**Claim 6:** **State law negligence claim, or medical negligence claim, against all Defendants.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

**PRELIMINARY DISMISSALS**

Plaintiff faults Defendant Jeremiah Brown, the Warden, for being notified via written correspondence about multiple prior and subsequent situations of mistreatment, and failing to protect him. Although an inmate can make an Eighth Amendment claim premised either on a failure to protect, or on a prison official's lack of a thorough investigation into detailed grievances, Plaintiff's allegations are too vague to proceed against Warden Brown. Plaintiff does not explain when other incidents took place, what those incidents involved, what he told Brown about them, or what sort of responses he received. He also does not suggest that prior to the May 28, 2024, incident, Warden Brown had any specific reason to be concerned that these particular defendants were going to harm him. As such, his allegations against Brown are simply too vague to proceed, and Brown shall be dismissed without prejudice.

Plaintiff also named Wexford Health Source and faulted the corporation for failing to ensure he received adequate care. An inmate can only present a §1983 claim against a medical contractor if he alleges the harm he sustained was caused by an unconstitutional policy, custom, or practice of the contractor, rather than by discrete misdeeds by individual employees. *See e.g., Dean v. Wexford Health Sources, Inc.,* 18 F.4th 214, 239-40 (7th Cir. 2021). Here, Plaintiff makes no suggestion that the lack of care was attributable to Wexford, rather than a few of their employees, so his allegations are insufficient to state a claim.

Finally, Plaintiff named Jane Does 1-2 and John Does 1-3 in his case caption. He discussed Doe defendants within the text of the complaint, but he discussed them

generically such that the Court could not tell who was who. Although a John or Jane Doe can be used as a placeholder, there must be enough information in the factual allegations for the Court to determine which individual took which actions. In the factual allegations, Plaintiff does not refer to the Does as "Jane Doe 1" or "John Doe 3" or anything like that, so the Court simply cannot tell which Doe to associate with which factual allegations. Jane Does 1-2 and John Does 1-3 will be dismissed without prejudice.

## DISCUSSION

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). Here, Plaintiff alleges that he was pepper sprayed and attacked for no apparent reason, so his allegations are sufficient to proceed on Claim 1.

In Claim 2, Plaintiff alleges many individuals were present during the alleged excessive force and the incident was recorded by camcorder. To sustain a failure to intervene claim, an inmate must show that a bystander is aware of the threat of an assault but fails to take reasonable action to intervene. *See e.g.*, *Eddmands v. Walker*, 317 Fed. App'x 556, 558-59 (7th Cir. 2009). Here, Plaintiff's allegations are insufficient to sustain this claim against any of the named defendants because he has not suggested that they knew a threat was present, nor has he suggested that they had a reasonable opportunity to intervene. The way he describes the incident, both the pepper spray and physical blow

appear to have transpired rapidly and with little warning. On these facts, Plaintiff's allegations are insufficient to sustain a failure to intervene claim against Defendants Fuller, Buchanan, Nash, Schrader, or Sawyer and Claim 2 will be dismissed in full.

By contrast, Plaintiff may proceed on his claim against Fuller, Buchanan, Nash, Schrader, and Sawyer for allegedly refusing medical care immediately after the incident and ordering him to be placed back in a pepper spray contaminated cell without cleaning materials. Plaintiff may also proceed on Claim 4 against White, Givens, and Higgins for allegedly refusing medical care or cleaning supplies. And he may proceed on Claim 5 against Defendants Nurse Brown, Luking, and Dr. Myers for refusing care within a few hours of the incident. As it relates to Claims 3, 4, and 5, Plaintiff has alleged he had serious injuries that required stitches, and that he was noticeably bleeding when he made the requests for care or assistance. This is enough to sustain an Eighth Amendment deliberate indifference claim.

Finally, Plaintiff may proceed on Claim 6 under a generic theory of negligence or medical negligence. If his other federal claims are dismissed at any point during this litigation, the Court will relinquish jurisdiction over the state law claim.

### MOTION FOR RECRUITMENT OF COUNSEL

There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]"

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The first inquiry "requires the indigent litigant to reasonably attempt to get a lawyer." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020). Here, Plaintiff has provided proof that he attempted to directly contact and recruit multiple attorneys to help him with this case.

Because the Plaintiff has demonstrated efforts to recruit his own counsel, the Court turns to considering the complexity of the case and plaintiff's competence to represent himself. "Some of the circumstances that require judicial consideration are the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Thomas*, 951 F.3d at 860; *see Eagan v. Dempsey*, 987 F.3d 667, 682–83 (7th Cir. 2021). As for competence, "A judge will normally consider 'the plaintiff's literacy, communication skills, educational level, and litigation experience' along with any evidence in the record 'bearing on the plaintiff's intellectual capacity and psychological history.' But these are merely factors that are ordinarily relevant. No one factor is 'necessary or conclusive.'" *Jones v. Anderson*, 116 F.4th 669, 675-76 (7th Cir. 2024) (internal citations omitted).

Plaintiff states that he has a high school education, but that he is seriously mentally ill and takes medications that can cause impairments. (Doc. 3 at 2). Specifically, he claims that he takes Remron, which makes him very drowsy and sleepy. He also has seizures and takes seizure medication. Aside from these ailments, he expresses concern over the potential complexity of the case, which he thinks will require extensive research and

investigation. He also says he is unfamiliar with civil law and has limited law library access.

Plaintiff's case is at the earliest juncture, and he has drafted a sufficient pleading to proceed beyond initial review on many of his claims. He also included a grievance that is relevant to his claim and did a good job filling out the complaint form and answering the questions about his litigation and grievance history. These tasks demonstrate a baseline ability to communicate, and to provide simple legal and factual information. There are a number of factors that could make this case complex later in the litigation, such as the presence of medical claims, or the need for witnesses at a different prison (this happened at Lawrence but Plaintiff is now at Menard). However, for now, the next steps are quite easy. The Court will issue service of process on the defendants, and once they file answers, it will give a detailed schedule to guide the parties in exchanging basic information. There will not be any need for Plaintiff to do research during this early phase or to confront complex issues. Generally, the first step after service and answers, is an exchange of information about the exhaustion of administrative remedies. Most inmates are capable of managing this phase of the case on their own because exhaustion relies most on their personal account of what they did to pursue their administrative remedies. Against this backdrop, the Court finds that Plaintiff is competent to proceed on his own for now. He may renew his request later in this case if needed, and if he does so, he should describe the specific things in the case that have become too complex for him to manage on his own.

## DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendants Kyle Fuller and Kyle Buchanan. **Claim 3** proceeds against Defendants Schrader, Nash, Sawyer, Fuller and Buchanan, **Claim 4** proceeds against Givens, White, and Higgins, **Claim 5** proceeds against Nurse Brown, Luking, and Dr. Myers, and **Claim 6** may proceed against Fuller, Buchanan, Schrader, Nash, Sawyer, Givens, White, Higgins, Nurse Brown, Luking, and Myers. By contrast **Claim 2** is insufficient as pled, and Plaintiff has failed to state a claim against Defendants Jeremiah Brown, Jane Does 1-2, John Does 1-3 and Wexford Health Source. The Clerk shall **TERMINATE** Defendants Jeremiah Brown, Jane Does 1-2, John Does 1-3, and Wexford Health Source.

The Clerk of Court is **DIRECTED** to prepare for Defendants Kyle Fuller, Kyle Buchanan, Candice Schrader, Mitchell Nash, J. Higgins, Lt. Givens, Sgt. Sawyer, C/O White, Nurse Brown, LPN Luking, and Percy Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: June 26, 2025**

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.